RUSSELL SHERIDAN BABCOCK
California Bar No. 99130
Certified Criminal Law Specialist-State Bar of California
LAW  OFFICE OF RUSSELL S. BABCOCK
1901 First Avenue, First Floor
San Diego, California 92101
russbab@gmail.com
(619) 531-0887

Attorney for Regina Brice

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## HONORABLE RUTH BERMUDEZ MONTENEGRO

| UNITED STATES OF AMERICA, | ) | Case No.: 3: 23CR02082-1-RBM |
|---|---|---|
| Plaintiff, | ) | Date March 28, 2025 |
| | ) | Time: 9:00 a.m. |
| v. | ) | |
| REGINA BRICE, | ) | |
| | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**STATEMENT OF THE CASE**

On October 6, 2023  Ms. Regina Brice "Regina or Ms. Brice" was charged with twelve felony counts pertaining to theft and embezzlement of public funds from the state Employment Development Department (EDD.)  On November 5, 2024, Ms. Brice pled guilty to one single felony count that does not have a mandatory minimum sentence, 18 U.S.C. 1341.  Ms. Brice is scheduled to appear before this court for sentencing on March 28, at 9:00 a.m.

## II.

## SUMMARY SENTENCING RECOMMENDATION

Based upon the criteria enumerated under 18 U.S.C. § 3553(a) and for the reasons advanced in this memorandum below, the defendant respectfully requests this court impose a sentence of no more than two years custody.

## III.

## BACKGROUND-THE OFFENSE AND MS. BRICE

She was considered one of the best employees in her position: reliable, punctual, and professional. What no one could see is that behind all the work and dedication was a person spiraling out of control because of methamphetamine addiction.

She was able to mask the problem by working from home during the pandemic. Somewhere, in her drug haze, she began to do wrong. She started by doing favors for friends, helping specially process unemployment funds on an expedited basis, justifying it her own mind by believing she was helping others. But then the "favors" escalated, and she found herself helping many individuals who were not qualified to receive the benefits.

She did take gratuities for her service, but most probably less than $30,000 in total----not much money to throw her career away, her life away, and her freedom.

As she stands here today, Regina knows that she did wrong. She doesn't even recognize the person that she was in this short time period of her life. Despite her crime, she has the support of friends and family. And she has a job opportunity pending.

Regina Brice respectfully asks this court to take one chance on her and allow her to return to employment, re-build her life, and begin paying back the money that was wrongfully appropriated when she was out of control from her addiction.

## IV

## THIS COURT SHOULD IMPOSE NO MORE THAN A PLUS TWO ADJUSTMENT FOR AGGRAVATED ROLE

### A.    Applicable Law

Section 3 B1.2 of the United States Sentencing Guidelines provides that a defendant's offense level shall be decreased if the person's role in the offense was minor. The guidelines specifically require courts to make individual fact-based determinations in each case. (USSG § 3B1.2 comment (backg'd).)

In § 3B1.2, the Sentencing Commission did not institute a unitary, 2-level reduction for a one-size-fits-all mitigated role.  It specifically provided for a 4-level reduction for minimal participants at the lowest level of culpability, an intermediate level of a 3-point reduction for those whose role falls between minimal and minor, and only then a 2-level minor role reduction.

### B.    Argument

A role adjustment of plus 2, is more appropriate than a plus 4, and it takes into consideration defendant's aggravated role beyond being a  mere participant. First, many of the factors in a role increase have already been taken into consideration in the increase of the base offense level for multiple victims, substantial economic loss, abuse of public position, and sophistication.  Regina did not train or supervise a large group of individuals in this scheme.  She was directly responsible for the harm that she caused.

For the foregoing reasons, a two-point role adjustment upward is more appropriate.

**V.**

## MS. BRICE'S CRIMINAL HISTORY IS OVERREPRESENTED AND SHE SHOULD BE SENTENCE AT A CATEGORY I RANGE.

A mechanical application of the sentencing summary chart and a calculation of Regina's criminal history points, lands her in a criminal history II category. However, the only prior record Regina has incurred is for traffic related offenses, two DUIs in 2013, more than twelve years ago, and her driving on a suspended license in 2018. Thus, given the substantial age of these convictions, coupled with their relative lack of seriousness, Ms. Brice is much more appropriately sentenced in a criminal I category range.

## VI.

**A SENTENCE OF NO MORE THAN TWO YEARS WILL  RESULT IN A SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE UNDER U.S.C. 3553(a)**

This is a case that is driven by Section 3553(a.)  Defendant respectfully requests the imposition of a sentence that is sufficient but not greater than necessary to effectuate the goals of this statute.

A.      The sentencing framework:

Under 18 U.S.C. § 3661 "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

B:      Sentencing Goals:

Under 18 U.S.C. § 3582(a) the court is directed to consider certain factors to determine the appropriate punishment, "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. Under 18 U.S.C. § 3553(a) the court is directed to impose a "sentence sufficient, but not greater than necessary to comply with purposes [of sentencing]." Taken together §§ 3582(a) and 3553(a) reflect a clear Congressional preference for the least possible sentence, and for appropriate alternatives to incarceration.

C:      Statutory Factors Under 18 U.S.C.3553

The Congressional mandate of 18 U.S.C.  § 3553, "sentencing criteria" provides in pertinent part:

(a) Factors to be considered in imposing sentence.-

the court shall impose a sentence sufficient, but not greater than necessary,

to comply with the purposes set forth in paragraph (2) of this subsection.

The court, in determining the particular sentence to be imposed, shall

consider-

>(1) the nature and circumstances of the offense and the history and characteristics of the offense and the history and characterization of the defendant;

>(2) the need for the sentence imposed-

>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>(B) to afford adequate deterrence to criminal conduct;

> to protect the public from further crimes of the defendant; and

>. . . . .

>(6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct;

### 1. <u>Nature and Circumstances of Offense and Offender</u>

a.  <u>The Offense</u>

Ms. Brice's offense is aggravated primarily because of her previous position of trust in the government.  But in mitigation, her conduct occurred while she was in the throes of drug addiction.  She received very little personal gain in comparison to the money that was taken from the government. This is her first serious offense.  There was no violence used and there were no individual victims, just the government coffers.

Regina de-briefed twice with the government, not for the purpose of providing substantial assistance because the government already had the evidence on the people it wanted to prosecute but to explain to the government how this offense was able to occur,

hopefully to help prevent future similar losses with other individuals.

              b.        <u>The History and Characteristics of Regina</u>

Absent this offense, most everything about Regina is positive. She is a hard-worker, who was considered a sterling employee at the EDD.  Since becoming involved in this offense, she participated in outpatient drug treatment in Washington State.  She wishes to return there as soon as possible after her warrant his cleared. She wants to focus on the repayment of the misappropriated funds and providing care to her father, who is experiencing cognitive decline and a host of other health ailments after the passing of Regina's mother.

Regina has already made great strides toward rehabilitation by beginning counseling for her controlled substance use and fully accepting the harm that she did by her conduct. She is motivated to never use drugs again and to re-integrate into society as a productive and law-abiding individual.

Regina did "mess-up" while on pre-trial release.  She became involved in a pushing match with her father when he came to her home intoxicated.  Regina used poor judgment and engaged in physical activity with her father.  He has forgiven her, and he also accepts co-responsibility for the incident. He only wants her to be able to return to their property in Washington as soon as possible

Regina is bright, articulate, and a very hard worker who is capable of repaying the economic loss . A sentence of two years, which is the mandatory minimum sentence for a term of aggravated identity theft, to which she did not plead, followed with conditions of supervised release, which include monitoring for use of controlled substances, will protect the public and provide Regina with an opportunity to rehabilitate.  Supervision is Washington State should be recommended because it will take Regina outside the community where she was both the victim of abuse and associated with individuals involved in this offense.

        2. <u>Just Punishment</u>

` Regina's arrest, extradition from Washington, incarceration served to date, and her absence from her mother's funeral, coupled with her now being a lifelong convicted felon, is more than sufficient punishment.  Any further punishment, including more extensive incarceration, would only serve to set Regina back and negate the great progress she has made.  Also, just punishment calls for allowing Regina to be able to support her father and spend the majority of his remaining years with her.

### 3. Similar Situated Defendants

While the recommended sentence is substantially lower than the guideline range, the guidelines do not take into account the unique circumstances of this case, including abuse and addiction.  Most non-violent, first time offenders, are sentenced for economic crimes to a term less than two years incarceration.  The consequences to Regina, including incarceration, will serve a clear deterrent to individuals who are inclined to commit a crime similar to Regina's and re-affirm that seeking help for drug abuse and domestic violence is the answer and not committing crime.

### 4. Deterrence and Protection of the Public

If Regina continues to conquer her controlled substance issues, there will not be a need for the public to be protected from her. Given the consequences that have happened to Regina before sentencing, it is a safe bet she will never be involved in conduct like this in the future.

## VII

## CONCLUSION

Fueled by drug addiction and a long term abusive relationship, Regina hit rock-bottom.  She engaged in behavior that she otherwise never would have committed, misappropriating employment funds to individuals and circumventing the normal procedures of the distribution of these funds.  The gains to her were minimal.  As a result of this behavior, she lost her job, her liberty, and her dignity.

But Regina is a survivor. She has made substantial steps in re-building her life. She has already been punished more greatly than most individuals who commit a non-violent and economic offense.  She was not able to be near her mother as she approached the time of her death.  And she was not able to grieve with her family and attend her mother's funeral.  Regina is motivated to re-pay every cent that was misappropriated. She also wishes to support her father in this twilight period of his life.

For the foregoing reasons, this court should follow the defense recommendation and give Regina the opportunity to rehabilitate and atone for her crime.

Dated: March 22, 2025                    BY:    /s/ Russell S. Babcock
                                                Russell S. Babcock
                                                Attorney for Brice